*The opinion of the Oourt was delivered by
Oolcook, J.-
By the second section of the third article of the constitution of this State, it is declared, that “ all prosecutions shall be carried on by the authority and in the name of the State of South Carolina.” (P. L. App. 43.)[1] 'The proceeding, by information, is always a prosecution of a criminal nature, and not a civil process, (4 Black. Com. ch. 23,) and is carried on in the name, and by authority of a public officer. (2 Burns’ Justice, title Information.) Such a proceeding cannot be carried on in the name of the State, and is therefore unconstitutional; Mitchell’s case, (1 Bay, 267 ; if so, the penalty is recoverable by an action of debt, as if no particular method had been pointed out by the Act. (6 Bacon Ab. Wills’s ed. title Statute K.)
Patterson, for the motion. StarJc, Solicitor, contra.
No doctrine of law is better established, than that, where a statute points out a particular mode by which a penalty shall be recovered, that that mode shall be pursued. (1 Burrows, 543; King v. Wright, King v. Robinson, 2 Ib. p. 803, and Caster’s case, Croke Jas. 644, referred to by Lord Mansfield, 2 Hawk. 302.) Here the Act expressly says, the penalty shall be recovered by information in any Court having competent jurisdiction; (2 Faust. 516; 1 Brev. Dig. 312, see. 18;) and this Act was passed in 1803,[1] long after the adoption of the constitution. Thih is mentioned, merely as furnishing a legislative construction of the constitution. The words in the constitution, which are relied on as operating as a virtual repeal of the proceeding by information, are to be construed as relating to prosecutions for acts purely criminal; although prosecuted on the criminal side of the Court, they may be resorted to as a mode of redress for a private injury, or for the recovery of a private right, and it is the daily practice of our Courts to sustain such informations. Hughes and Harley,[2] Ravenel and the City Council,[3]
In the case before us, the question of right is confined to the plaintiff and defendant, and the mode of *proceeding by information, is ño other in fact than a suit to decide their rights. Blackstone, in speaking of this remedy, (Com. vol. 4, p. 308,) says, “ They are a sort of Qui tarn actions, only carried on by a criminal, instead of a civil process,” and cases like the present admit of no possible objection. The same notice, the same pleas allowed, and the same judgment, as by process, and the right of trial by the jury, preserved.
I am, therefore, against the motion.
Grimke, Nott, Cheves, Gantt and Johnson, JJ., concurred.

 Stat. 189.

 5 Stat. 465.

 Hayes, relator, v. Harley, incumbent, 1 Mills, C. R. 267.

 The State v. The City Council of Charleston, 1 Mills, C. R. 36. See 2 vol. 240.